IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KARTHIK KUMAR NICHENAMETLA,  §
                                                          §
                      Plaintiff,                         §
                                                          §
VS.                                                       §          Civil Action No. 3:25-CV-3274-D
                                                          §
JOSEPH B. EDLOW, et al.,                       §
                                                          §
                      Defendants.                      §

MEMORANDUM OPINION
AND ORDER

In this action, *pro se* plaintiff Karthik Kumar Nichenametla ("Nichenametla")—a citizen of India—seeks to compel defendants to adjudicate his I-485 application. Defendants U.S. Citizenship and Immigration Services ("USCIS"), Markwayne Mullin,[1] in his official capacity as U.S. Secretary of Homeland Security, and Joseph Edlow, in his official capacity as Director of USCIS, move under Fed. R. Civ. P. 12(b)(1) to dismiss claims brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and the Mandamus Act, 28 U.S.C. § 1361. For the reasons that follow, the court grants defendants' Rule 12(b)(1) motion and also grants Nichenametla leave to replead.

I

Nichenametla—a citizen of India who resides in the United States—filed on March

---

[1]Markwayne Mullin, the current Secretary of Homeland Security, has been automatically substituted for defendant Kristi Noem under Fed. R. Civ. P. 25(d).

21, 2025 an I-485 application to adjust his status.[2]  Nichenametla filed this suit on November 26, 2025, alleging that, although eight months had passed since he submitted the I-485 application, USCIS had not yet adjudicated the application.  Nichenametla now sues under the APA and the Mandamus Act to compel action to adjudicate the application.  Defendants move to dismiss the APA and Mandamus Act claims under Rule 12(b)(1).  The court is deciding the motion on the briefs, without oral argument.

II

Before turning to the merits, the court addresses Nichenametla's Rule 41(a)(2) motion to voluntarily dismiss this suit, which he filed after defendants filed their motion to dismiss. The court must first address whether it has subject matter jurisdiction.  *See Sangha v. Navig8 Shipmanagement Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) (explaining that federal courts generally address subject matter jurisdiction at the outset); *CJS Sols. Grp., LLC v. Clowers*, 2023 WL 2825849, at *2 (W.D. Tex. Jan. 4, 2023) ("Although generally Rule 41(a)(2) grants the Court discretion to dismiss the case, if the Court believes it lacks subject matter jurisdiction, it cannot exercise discretion and it must dismiss the case.").  Because the court concludes that it does not have jurisdiction, it grants defendants' Rule 12(b)(1) motion to dismiss before reaching Nichenametla's Rule 41(a)(2) motion to dismiss this action without prejudice.  Accordingly, the court denies Nichenametla's Rule 41(a)(2) motion as moot.

---

[2]Nichenametla also filed an application for a derivative beneficiary.

III

The court now turns to the merits of defendants' motion to dismiss.

Defendants contend that the Immigration and Nationality Act ("INA") strips the court of jurisdiction to hear Nichenametla's claims. Section 1252(a)(2)(B)(ii) of the INA provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1255(a), in turn, provides that the "status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255(a). Section 1252(a)(2)(B)(ii) bars courts from reviewing "discrete acts undertaken to render an adjustment decision and the timing of those acts." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024). This includes the pace at which applications are adjudicated. *See id.* Moreover, § 1252(a)(2)(B)'s provisions apply "[n]otwithstanding . . . Title 28 . . . section[] 1361 [the Mandamus Act]." 8 U.S.C. § 1252(a)(2)(B).

Nichenametla's claims under the APA and the Mandamus Act are to remedy what he maintains is an unreasonable delay in, and unlawful withholding of, the adjudication of his I-485 application. His claims seek judicial review of USCIS's discretionary actions that are squarely within the INA's jurisdiction stripping provision. *See Cheejati*, 106 F.4th at 394. Because the court lacks jurisdiction to review Nichenametla's APA and Mandamus Act

claims, it grants defendants' Rule 12(b)(1) motion to dismiss. *See Guliyev v. U.S. Citizenship & Immigr. Servs.*, 2025 WL 1898670, at \*3-6 (N.D. Tex. July 9, 2025) (Kinkeade, J.) (dismissing plaintiff's APA and Mandamus Act claims to adjudicate I-485 application on similar grounds).

IV

Although the court is granting defendants' motion to dismiss, Nichenametla is proceeding *pro se* and has not yet been given "one more opportunity to plead his best case." *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at \*1 (N.D. Tex. Apr.12, 2004) (Fitzwater, J.). Accordingly, the court grants Nichenametla leave to file an amended complaint within 28 days of the date this memorandum opinion and order is filed. "If [he] replead[s] but do[es] not state a claim over which this court has subject matter jurisdiction . . . parties whom [he] sue[d] may move for appropriate relief." *Little v. Tex. Atty. Gen.*, 2014 WL 5039461, at \*3 (N.D. Tex. Oct. 9, 2014) (Fitzwater, C.J.).

*   *   *

For the reasons explained, the court grants defendants' Rule 12(b)(1) motion to dismiss, denies Nichenametla's Rule 41(a)(2) motion as moot, and grants Nichenametla leave to replead.

**SO ORDERED**.

July 27, 2026.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

-4-